UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Eddie Lenear, | File No. 23-cv-831 (ECT/JFD) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| The State of Minnesota,<br>Officer Coates, *Badge 310 of McLeod County*,<br>Officer Grack, *Badge 303 of McLeod County*,<br>Ryan Hantch,<br>Jessica J.W. Maher,<br>Zachary Lyngaas,<br>Lauren Johnson, | |
| Defendants. | |

_____

Eddie Lenear, *pro se*.
_____

This matter is before the Court on Plaintiff Eddie Lenear's (1) Complaint [ECF No. 1], (2) Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2 ("IFP Application")], and (3)–(8) various other motions [ECF Nos. 3–8]. For the following reasons, this action will be dismissed as frivolous, and Lenear's IFP Application and additional motions will be denied as moot.

Lenear presently faces a state-court prosecution in McLeod County, Minnesota; he is charged with one count of possessing ammunition or a firearm after committing a crime of violence (violating Minn. Stat. § 624.713, subd. 1(2)) and one count of driving after authorities revoked his license (violating *id.* § 171.24, subd. 2). *See* Register of Action,

*State v. Lenear*, No. 43-CR-22-0134 (Minn. Dist. Ct.) ("State-Court Docket").[1] That case is presently set for trial on September 6, 2023. *See id.*

This action began when the Court received Lenear's various filings on April 3, 2023. *See* Docket. The Complaint names seven Defendants: (1) the State of Minnesota; (2)–(3) "Officer Coates" and "Officer Grack," two police officers with the City of Glencoe's police department; (4) "Ryan Hantch," which the Court construes as a reference to Ryan Hansch, the attorney presently handling Lenear's prosecution; (5) Jessica J.W. Maher, a state-court judge who previously handled Lenear's state-court case; and (6)–(7) Zachary Lyngaas and Lauren Johnson, whom Lenear does not identify, but the Court believes may have been attorneys previously handling Lenear's prosecution. Compl. at 1–3; *see* State-Court Docket.

Fundamentally, the Complaint and Lenear's various motions attack Lenear's state prosecution on various grounds. *See, e.g.*, Compl. at 6–10. Lenear claims to bring federal-law claims under the U.S. Constitution and various federal statutes. *See, e.g.*, *id*. He also suggests that he has a defamation claim under Minnesota state law, as well as claims under the International Covenant on Civil and Political Rights, other apparent provisions of international law, and Minnesota's "penal code." *See id.* at 5. For relief, Lenear asks for

---

[1] The State-Court Docket is not included with any of Lenear's filings in this action, but as a public state-court record, a federal district court can take judicial notice of it. *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Rubbelke v. Zarembinski*, No. 23-cv-0707 (PJS/ECW), 2023 WL 3094371, at *1 n.1 (D. Minn. Apr. 26, 2023).

2

about $1.4 million in damages and demands that his prosecution be "dismissed[,] disqualified[,] or moved to federal court." *Id.* at 10 (capitalization amended).

Rather than pay this action's filing fee, Lenear submitted the IFP Application, which asks that Lenear be allowed to proceed *in forma pauperis* ("IFP") in this action. The IFP Application suggests that as a financial matter, Lenear qualifies for IFP status. But under the federal statute governing IFP actions, as relevant here, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2).

A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). With respect to factual frivolity, courts in this District have regularly held that when a complaint fails to allege what a defendant did that causes liability, the pleading lacks an arguable basis in fact—so is frivolous—for that defendant. *See, e.g.*, *Williams v. City of Minneapolis*, No. 22-cv-2369 (MJD/TNL), 2023 WL 2795858, at *2 (D. Minn. Feb. 2, 2023) (citing cases), *report and recommendation adopted*, 2023 WL 2795484 (D. Minn. Apr. 5, 2023); *Stanton v. Gomey Allenberg & O'Reilly, PC*, No. 22-cv-1706 (PJS/JFD), 2022 WL 3108027, at *2 (D. Minn. Aug. 4, 2022) (same). As for legal frivolity, a matter "lacks an arguable basis in law if the claim is based on an indisputably meritless legal theory." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (citing *Neitzke*, 490 U.S. at 327); *see also, e.g.*, *Hines v. Minn. Dep't of Corr.*, No. 18-cv-3250 (ECT/BRT), 2020

3

WL 1102210, at *11 (D. Minn. Jan. 31, 2020) (same), *report and recommendation adopted*, 2020 WL 1082484 (D. Minn. Mar. 6, 2020).

For ease of explication, Lenear's various arguments can be divided into two types: those that deny state-court jurisdiction over Lenear's prosecution and those that do not. As the Court reads the Complaint and Lenear's various motions, his arguments attacking the state court's jurisdiction all boil down to either (1) bog-standard claims of sovereign citizenship; or (2) a particular sort of sovereign-citizen claim that hinges on claiming Moroccan citizenship (or some other connection), then pointing to a colonial-period treaty between Morocco and the United States. These nested claims are all legally frivolous. Federal courts have had to deal *ad nauseam* with the pipe dream that one can assert a link to Morocco, then parley that into broad immunity from state law. Unsurprisingly, those courts have repeatedly rejected the argument, as well of other sorts of parallel "sovereign citizen" arguments.[2] The point need not be belabored. These arguments are frivolous, and this action is dismissed with prejudice to the extent that it raises any claims based on Moroccan citizenship, sovereign citizenship, or any state-court lack of personal jurisdiction over Lenear.

---

[2] In the Eighth Circuit alone, see, for example, *Cush-El v. Missouri*, No. 4:22-CV-1164 (RWS), 2022 WL 16740204, at *5 (E.D. Mo. Nov. 7, 2022); *United States v. Thomas*, No. 21-cr-0093 (JRT/TNL), 2022 WL 3209501, at *16 (D. Minn. June 6, 2022), *report and recommendation adopted*, 2022 WL 2901563 (D. Minn. July 22, 2022); *King v. Moody*, No. 4:21-CV-3119, 2021 WL 5395893, at *2 (D. Neb. Nov. 17, 2021); *Shepherd v. Payne*, No. 4:20-CV-844 (KGB/BD), 2020 WL 8513838, at *1 (E.D. Ark. July 22, 2020), *report and recommendation adopted*, 2021 WL 536521 (E.D. Ark. Feb. 12, 2021).

What remain are various claims about the substance of the state-court prosecution (e.g., claims that Lenear's Fourth Amendment rights were violated). The Court need not decide whether or not these are legally frivolous—either way, as presently pleaded they are frivolous factually. As noted above, Lenear names seven defendants. The Complaint has no specific factual allegations about any of them. *See* Compl. at 1–14.[3] To be sure, Lenear has submitted seventeen pages of documents related to his prosecution—an incident report as well as a state-court order—both replete with disjointed, handwritten observations here and there about various statements or conclusions. *See* ECF No. 1-3. Lenear seems to think that rather than provide the Court with a coherent account of just what Defendants did that violated his rights, he can just ship a federal court a haystack and have court staff needle-hunt. Not so. It is Lenear's job, not a federal court's, to craft his complaint. *See, e.g.*, *Shortymacknifisent v. Hunter*, No. 22-cv-0766 (DSD/BRT), 2022 WL 17546559, at *3 (D. Minn. Nov. 18, 2022) (citing cases), *report and recommendation adopted*, 2022 WL 17485553 (D. Minn. Dec. 7, 2022); *Murrin v. Avidigm Cap. Grp., Inc.*, No. 07-cv-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008) (same).[4]

---

[3] True, the Complaint does occasionally present a generic allegation about one or more of the defendants. For instance, Lenear alleges that "[t]he judge is conspiring with the prosecutor" as part of Lenear's prosecution. But this is exactly the sort of bare legal conclusion masquerading as a factual assertion that the U.S. Supreme Court has consistently said that district courts need not credit. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023) (citing *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017)).

[4] *See also, e.g.*, *Elias v. Lichinov*, No. 19-CV-7457 (MWF/JC), 2019 WL 4140983, at *2 (C.D. Cal. Aug. 29, 2019) ("To the extent plaintiff may believe that the contents of his supporting documents establish that he has somehow stated a viable claim, he is

So, to the extent that the Complaint is not legally frivolous, it is factually frivolous. The Complaint will therefore be dismissed without prejudice to the extent it raises nonjurisdictional problems with Lenear's prosecution.[5] Given the determination that this case will be dismissed in its entirety, Lenear's IFP Application and various pending motions will be denied as moot.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. This action is **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915 to the extent it challenges state-court jurisdiction over the matter of *State v. Lenear*, No. 43-CR-22-0134 (Minn. Dist. Ct.).

2. This action is otherwise **DISMISSED WITHOUT PRJEUDICE** as frivolous under 28 U.S.C. § 1915.

---

mistaken. It is not the Court's responsibility to sift through plaintiff's multiple submissions in an attempt to glean whether plaintiff has an adequate basis upon which to state a viable claim." (citing *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1066 (9th Cir. 2009)).

[5] A dismissal without prejudice typically leaves a plaintiff with the option of trying to amend the pleading. But Lenear should be warned: even if the Complaint were not frivolous, it would have faced other problems. Doctrines of judicial and prosecutorial immunity largely shield judges and prosecutors from their job-related conduct; while there are exceptions to these general rules, nothing in the Complaint suggests that any exception would apply here. Furthermore, any claims against other entities that might interfere with Lenear's state-court prosecution will almost certainly be claims over which a federal court should abstain under the doctrine of *Younger* abstention. *See, e.g.*, *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551–52 (8th Cir. 2018) (providing overview of *Younger*-abstention doctrine). Lenear should keep these points in mind if he plans to try to file any further lawsuits related to this action's subject matter.

3.     Plaintiff Eddie Lenear's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] and various other motions [ECF Nos. 3, 4, 5, 6, 7, and 8] are **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 1, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court